## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 21-9 |
| CHRISTOPHER COZAD, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM ORDER

On July 25, 2017, Defendant Christopher Cozad was sentenced in the United States District Court for the Northern District of West Virginia to a term of 46 months' imprisonment followed by a 3-year term of supervised release for his conviction of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket No. 1-2). Defendant was released to supervision in the Northern District of West Virginia on November 27, 2020, and his term of supervised release is scheduled to expire on November 26, 2023. (*See* Docket No. 1).

On January 8, 2021, jurisdiction for Defendant's supervision was transferred to the Western District of Pennsylvania pursuant to 18 U.S.C. § 3605. (Docket No. 1). On April 8, 2021, jurisdiction for Defendant's supervision was transferred back to the Northern District of West Virginia, again pursuant to 18 U.S.C. § 3605, and supervision currently remains in that District. (Docket No. 6).

On October 14, 2022, Defendant filed in this District a Motion for Early Termination of Supervised Release, to which the Government responds that Defendant's Motion should be dismissed because this Court lacks jurisdiction to consider it. (Docket Nos. 10, 13).

The Government is correct that this Court lacks jurisdiction to consider Defendant's Motion because jurisdiction for his supervision was transferred back to the Northern District of West Virginia on April 8, 2021, (*see* Docket No. 6), and remains there at this time.  Section 3605, which addresses transfer of jurisdiction over a person on supervised release provides as follows:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. ***A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted*** by this subchapter or subchapter B or D of chapter 227.

18 U.S.C. § 3605 (emphasis added).  Pursuant to this provision, the Northern District of West Virginia, the court to which jurisdiction was last transferred and where it remains, has jurisdiction to consider Defendant's request for early termination of his supervised release.  *See United States v. D'Amario*, 178 F. App'x 151, 152 (3d Cir. 2006) (holding that transferor district lacked jurisdiction to grant the defendant's motion to stay or revoke supervised release); *United States v. Clark*, 405 F. App'x 89, 92 (8th Cir. 2010) (observing that a transfer of jurisdiction means that the "transferee court . . . take[s] full jurisdiction from the transferor court") (quoting *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004)).  Consequently, to the extent Defendant wishes to pursue his request for early termination of supervised release, he must file any such request in the Northern District of West Virginia unless and until jurisdiction for his supervision is transferred to this District.

In view of the foregoing, the Court enters the following Order:

AND NOW, this 9th day of November, 2022, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release (Docket No. 10) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

<u>s/ W. Scott Hardy</u>  
W. Scott Hardy  
United States District Judge

cc/ecf:  All counsel of record

United States Probation Office